UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.                                            Case No. 18-13813
                                             HON. MARK A. GOLDSMITH
CITY OF DETROIT, et al.,

    Defendants.
_____/

## ORDER
## (1) VACATING REFERRAL TO MAGISTRATE JUDGE MAJZOUB; (2) DENYING DEFENDANTS' MOTION TO CONSOLIDATE CASES (Dkt. 12); AND (3) RE-REFERRING CASE TO MAGISTRATE JUDGE MAJZOUB

This Court referred the instant case to Magistrate Judge Mona Majzoub on January 14, 2019 (Dkt. 9). Defendants James Craig and the City of Detroit later filed a motion to consolidate this case with Simmons v. Henry Ford Health System, No. 18-cv-14058, which is currently pending before Judge Leitman. Plaintiff Latausha Simmons opposes the motion. The Court vacates the referral to the magistrate judge, denies Defendants' motion, and re-refers the case to Magistrate Judge Majzoub.

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). Consolidation is within the discretion of the Court. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). The following factors guide the Court:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and

>           the relative expense to all concerned of the single-trial, multiple-trial
>           alternatives.

Id. (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Defendants argue that both this case and Henry Ford arise out of the same action or occurrence, involve similar claims, and share common issues of fact. Defs. Mot. at 6. While the events alleged in this case and Henry Ford occurred on the same day, there is no overlap in the factual circumstances alleged in each case. In the instant case, brought against the city of Detroit, the Detroit Police Department, Officer James Craig, and John Doe police officers, Simmons alleges that she went to the hospital on August 30, 2016, and was arrested by Defendant police officers at the hospital the following day. She claims that she was assaulted while at Defendants' "facility" and was held in a jail cell for several days.

Henry Ford, however, is brought against Henry Ford Health System, Henry Ford Hospital Detroit, and John Doe hospital security police officers. It focuses on the events at the hospital on August 30; Simmons alleges that employees of the Defendant Hospital delayed in treating her and that security officers sexually assaulted her. Both cases involve claims brought pursuant to 42 U.S.C. § 1983 and various state law claims. But as Simmons correctly points out, "[t]he claims/allegations and causes of actions [sic] against the above captioned case Defendants took place inside their facility, out of the view of Defendants Henry Ford Health System et al., and vice versa." Pl. Resp. to Mot. at 2 (Dkt. 17).

As such, there is little to no risk of inconsistent adjudications of common factual and legal issues. There is no reason to think that consolidating the two cases would reduce the burden on the parties, as Simmons herself is the only party to both lawsuits and opposes consolidation. And because of the lack of overlap between the facts in each case, there is little chance of burdening witnesses, and consolidation would neither reduce the time nor expense needed to adjudicate

Simmons's claims. Accordingly, the Court does not see any great potential for judicial economy by consolidating these two cases.

For these reasons, Defendants' motion is denied. The Court again refers this case to Magistrate Judge Majzoub for all pretrial proceedings.

SO ORDERED.

Dated: May 24, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2019.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager