UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,                      Case No. 18-cv-13813

    v.                            District Judge Mark A. Goldsmith

DETROIT, CITY OF, et al.,            Magistrate Judge Mona K. Majzoub

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Latausha Simmons contends that Defendants the City of Detroit, Detroit Police Chief James Craig, and unnamed officers of the Detroit Police Department violated her rights under the Fourth, Sixth and Fourteenth Amendments. (Docket no. 1.) Before the Court is Defendant the City of Detroit's motion to impose a prefiling restriction on Plaintiff. (Docket no. 29.) This action has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 19.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f).

I.     **RECOMMENDATION**

For the reasons set forth below, Defendant's motion to impose a prefiling restriction on Plaintiff (docket no. 29) should be **DENIED** without prejudice.

**II.    REPORT**

   **A.  Background**

On December 10, 2018, Plaintiff Latausha Simmons filed the present complaint against Defendants the City of Detroit (the "City"), Detroit Police Chief James Craig, and several unknown officers of the Detroit Police Department.  (Docket no. 1.)  Plaintiff contends that the unidentified officers wrongfully arrested her, used excess force, and unreasonably detained her in harsh conditions for between four and five days.  (*Id*. at 2–3.)  Plaintiff alleges that Defendants violated her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and various provisions of Michigan law.  (*Id*. at 6–13.)

Latausha Simmons is also the plaintiff in three other cases filed in this Court against the City: *Simmons v. City of Detroit et al*., Case No. 18-cv-13812 (filed Dec. 10, 2018); *Simmons v. City of Detroit et al*., Case No. 19-cv-11595 (filed May 30, 2019); and *Simmons v. City of Southfield et al*., Case No. 19-cv-11726 (filed June 10, 2019).  On July 23, 2019, the City moved to impose a prefiling restriction that would "require Plaintiff obtain leave of the Court before filing any more pro se lawsuits against the City and/or to pay all applicable filing fees to file a *pro se* Complaint against the City of Detroit or its employees."  (Docket no. 29, p. 4.)

   **B.  Governing Law**

Although a party cannot be "absolutely foreclosed from initiating an action in a court of the United States . . . it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).  Further, there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."

*Feathers v. Chevron U.S.A. Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Judges in this District have considered the following factors when determining whether to impose a prefiling injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *4 (E.D. Mich. Nov. 25, 2014); *but see Dietrich v. Patti*, No. 16-11469, 2016 WL 3682957, at *5 (E.D. Mich. July 12, 2016) (Hood, C.J.) ("The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law.").

**C. Analysis**

The City contends that Plaintiff "is an extremely litigious *pro se* litigant, particularly against government officials" and that "[t]he City of Detroit and its employees have spent a considerable amount of time and resources responding to Ms. Simmons's lawsuits, none of which have legal merit." (Docket no. 29, p. 8.)

The City emphasizes that Plaintiff has filed four separate lawsuits against it in this Court. In Case no. 18-cv-13812, Plaintiff alleges that the City wrongfully refused to clear parking citations from her record. The City's motion to dismiss that matter is pending. In Case no. 19-cv-11595, Plaintiff contends that officers of the Detroit Police Department wrongfully arrested her after a dispute with her neighbor. The City was dismissed on screening under 28 U.S.C.

§ 1915(e)(2), but claims against two individual officers remain pending. In Case no. 19-cv-11726, Plaintiff claims that the City failed to properly investigate the theft of her car. That case remains pending.

In the present case, Plaintiff agreed to dismiss her claims against the Detroit Police Department because it is not a proper defendant. (Docket no. 28.) Moreover, in a separate report and recommendation, the undersigned recommends dismissing all claims against Defendant Craig. However, Plaintiff's claims against the City and the unidentified officers remain pending.

While recognizing the unusual breadth and scope of Plaintiff's lawsuits against the City, the undersigned cannot at this point conclude that Plaintiff's claims routinely lack merit. The Court should deny the City's motion to impose a prefiling restriction without prejudice to the City's right to refile that motion upon favorable resolution of one or more of the currently pending lawsuits involving Plaintiff and the City.

### D. Conclusion

For the reasons stated herein, Defendant's motion to impose a prefiling restriction on Plaintiff (docket no. 29) should be **DENIED** without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 17, 2019        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: September 17, 2019        s/ Leanne Hosking
                                 Case Manager