UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LATAUSHA SIMMONS,**

    **Plaintiff,**                            Case No. 18-cv-13813

    v.                                    District Judge Mark A. Goldsmith

**DETROIT, CITY OF, et al.,**              Magistrate Judge Mona K. Majzoub

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Latausha Simmons contends that Defendants the City of Detroit, Detroit Police Chief James Craig, and unnamed officers of the Detroit Police Department violated her rights under the Fourth, Sixth and Fourteenth Amendments. (Docket no. 1.) Before the Court is Defendant James Craig's motion for summary judgment. (Docket no. 22.) This action has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 19.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.    RECOMMENDATION**

For the reasons set forth below, Defendant James Craig's motion for summary judgment (docket no. 22) should be **GRANTED**, and all claims against him should be dismissed.

**II.    REPORT**

    **A.  Background**

On December 10, 2018, Plaintiff Latausha Simmons filed the present complaint against Defendants the City of Detroit, Detroit Police Chief James Craig, and several unknown officers of the Detroit Police Department. (Docket no. 1.) Plaintiff contends that the unidentified officers wrongfully arrested her, used excess force, and unreasonably detained her in harsh conditions for between four and five days. (*Id*. at 2–3.) Plaintiff alleges that Defendants violated her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and various provisions of Michigan law. (*Id*. at 6–13.)

Discovery in this matter opened on June 11, 2019 and remains open through June 5, 2020. (Docket no. 21.) On June 11, 2019, Defendant James Craig, the Detroit Chief of Police, filed a motion for summary judgment. (Docket no. 22.) For clarity, the undersigned observes that although Defendant Craig relies on both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure, his motion focuses on the facial allegations of Plaintiff's complaint and should therefore be analyzed as a motion to dismiss under Rule 12(b)(6).

    **B.  Governing Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

**C. Analysis**

Plaintiff alleges that Defendants falsely arrested and imprisoned her and used unreasonable force throughout. (Docket no. 1.) However, her complaint includes no individual claims against Defendant Craig, who is only implicated by his role as Detroit police chief. (*Id*.)

*1. Fourth and Fourteenth Amendment Claims*

To prevail on a § 1983 claim, a plaintiff must show that the defendant was "personally involved" in the alleged unconstitutional conduct and/or that the defendant "encouraged or

3

condoned others in doing so." *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S. Ct. 598, 606, 46 L. Ed. 2d 561 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Plaintiff fails to allege that Defendant Craig was personally involved in the events underlying her claims. Accordingly, the Court should dismiss all § 1983 claims against him.

### 2. *Michigan Personal Injury Claims*

Plaintiff's complaint includes four counts (Counts III, IV, VI, and VII) arising under Michigan personal injury law. (Docket no. 1, pp. 8–13.) None of these claims directly implicates Defendant Craig. (*Id.*) Plaintiff alleges that Defendant Craig "acquiesced" to the actions of the unidentified officers, or in the alternative that his lack of knowledge regarding their actions "establishes liability in itself." (Docket no. 27, p. 4.) Accordingly, Plaintiff's claims against Defendant Craig sound in supervisory liability, negligence or gross negligence.

Under Michigan law, "the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." Mich. Comp. Laws § 691.1407(5).

Defendant Craig, as the Detroit Police Chief, is the "highest appointive executive official" of a level of government and is therefore entitled to immunity under § 691.1407(5). *See Petipren v. Jaskowski*, 494 Mich. 190, 193, 833 N.W.2d 247, 248 (2013). Plaintiff does not plausibly allege that Defendant Craig acted outside the scope of his authority. Accordingly, the Court should dismiss all Michigan personal injury claims against him.

### 3. *Michigan Constitution Claim*

Count II of Plaintiff's complaint alleges that Defendants violated the Michigan Constitution. (Docket no. 1, p. 7.) Plaintiff seeks only monetary damages in relief. (*Id.* at 14.)

4

Under Michigan law, a plaintiff may not bring suits for damages against individual government employees for alleged violations of the Michigan Constitution. *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 687 (6th Cir. 2018) (citing *Jones v. Powell*, 462 Mich. 329, 612 N.W.2d 423, 426 (2000)). Accordingly, the Court should dismiss Plaintiff's claim under the Michigan Constitution against Defendant Craig.

### D. Conclusion

For the reasons stated herein, Defendant Craig's motion to dismiss (docket no. 22) should be **GRANTED**, and all claims against him should be dismissed.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise

6

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 17, 2019                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

   I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: September 17, 2019                s/ Leanne Hosking
                                         Case Manager