UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

               Plaintiff,                   No. 18-13813

v.                             District Judge Mark A. Goldsmith
                                   Magistrate Judge R. Steven Whalen

CITY OF DETROIT, ET AL.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

On December 10, 2018, Plaintiff Latausha Simmons filed a *pro se* civil complaint under 42 U.S.C. § 1983 and other federal statutory and constitutional provisions, naming as Defendants the City of Detroit and members of the Detroit Police Department.  Before the Court is Defendants' Motion to Dismiss for Failure to Comply with a Court Order [ECF No. 43], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.    FACTS

On September 3, 2019, Defendants filed Motion for Show Cause Order [ECF No. 32], occasioned by Plaintiff's failure to provide either defense counsel or the Court with valid contact information. In my order granting the motion [ECF No. 38], I explained the

-1-

difficulties regarding this issue:

> "Attached to the [Defendants'] motion is the affidavit of Ashley Dzevenko, a legal secretary for Defendants' attorney.  She states that she has attempted to telephonically contact Plaintiff to schedule a deposition and to seek concurrence in a motion, but has been unable to make contact.  She states that on August 28, 2019, a "work number" that Plaintiff was provided was disconnected.  A call to a second cell phone number was answered by an unknown male individual who agreed to have Plaintiff return the call.  Plaintiff did not do so. On August 30, 2019, the 'work number' was reconnected, and the same individual answered.  This individual did not provide an email address or direct telephone number for the Plaintiff, and as of the date of filing the present motion, neither Ms. Dzevenko nor Defendants' counsel has heard back from Plaintiff.

> "Plaintiff has not provided the Court with a telephone number or an email address.  At a scheduling conference on June 11, 2019, Magistrate Judge Mona K. Majzoub directed Plaintiff to provide a telephone number.  Plaintiff provided the two telephone numbers described in Ms. Dzevenko's affidavit, neither of which appear sufficient to make contact with Plaintiff." ECF No. 38, PageID.260-261.

Plaintiff appeared as directed at a show cause hearing on November 26, 2019. On December 3, 2019, I vacated the show cause order, and further ordered as follows:

> "Because Plaintiff does not currently have a telephone, official communication with her must be by mail, at the address that has been provided to the Court.

> Plaintiff's deposition will be held during the month of January, 2020, at a specific date and time to be agreed upon by Ms. Simmons and Defendants' counsel.  The Notice of Deposition may be served on Plaintiff by first-class mail."  ECF No.39, PageID.263.

Defendants now argue that they are entitled to dismissal because Plaintiff violated my December 3, 2019 order by failing to appear at her deposition. Specifically, they state that the parties met and agreed on a deposition date of January 21, 2020, and that they

followed up by mailing a notice to the Plaintiff.  After Plaintiff failed to appear, Defendant's counsel learned that Plaintiff was incarcerated on the date of the scheduled deposition. So, Defendants filed a motion to take the deposition at the Macomb County Jail [ECF No. 40].  However, Defendants state that "[b]efore the Court could rule on Defendants' motion, Plaintiff was released from jail. Defendant learned of this via mailings that were sent to Plaintiff at the jail and returned as undeliverable." ECF No. 43, PageID.277.  Defense counsel then mailed Plaintiff a new notice of deposition, by certified mail, return receipt requested, setting a date of February 21, 2020.  Plaintiff did not appear for her deposition on that date. However, tracking information from the U.S. Postal Service indicated that "the attempted delivery failed because an authorized person was not available to sign for the letter." *Id*., PageID.278.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. The sanction imposed is vested in the court's discretion.  *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 643, (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir.1988).

Dismissal is a severe sanction. Granting dispositive relief—either dismissal or

default judgment—for failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990) (citations omitted). *See also Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment [and by implication dismissal of a complaint] is the court's most severe discovery sanction).

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. See also *Bank One of Cleveland, N.A. v. Abbe, supra* at 1073.

### III.    DISCUSSION

#### A.    Willfulness or Bad Faith

Parties that litigate cases without the assistance of a lawyer face many challenges. They are not familiar with the rules and conventions of legal practice, and often have misconceptions about how to effectively present their claims. They simply do not have the training, skills, and experience of their opponents' attorneys. And an impecunious plaintiff such as Ms. Simmons, who has been granted leave to proceed *in forma pauperis*

-4-

and who has been without a telephone, much less a computer, faces additional hurdles. Yet, while we give *pro se* litigants a certain amount of leeway in prosecuting their cases–for example, their pleadings are liberally construed–they are not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders.

Ms. Simmons has been less than diligent in prosecuting her case. It was only after she was ordered to show cause that she finally provided the Court and defense counsel with contact information. And while she had a good excuse for not appearing at the agreed-upon January 21st deposition–she was in jail–she could have and should have contacted defense counsel after her release to arrange another date. But she has not shown a total disregard of her case, and I do not find that her lack of diligence rises to the level of willfulness or bad faith, or that it merits the extraordinary sanction of dismissal. She did appear for the show cause hearing on November 26, 2019, and she did subsequently meet with defense counsel to arrange a date for her deposition. And she has filed a response to this motion to dismiss. This *Harmon* factor does not significantly weigh against her.

## B. Prejudice

While the difficulties in getting Ms. Simmons to sit for her deposition have no doubt been frustrating for the Defendants, and where there have been some delays, there is no incurable prejudice. Also, the case was stayed for a period of time owing to the

pandemic. Moreover, I have scheduled a status conference for January 19, 2021, after which I will enter a new scheduling order, including a time frame for Plaintiff's deposition.

## C.    Previous Warnings and Sanctions

As to the last two *Harmon* factors, Ms. Simmons has not previously been warned that she would be facing sanctions–including dismissal–for discovery violations, and lesser sanctions have not been imposed.

After considering all of the factors, in light of the facts of this case, I conclude that the draconian sanction of dismissal is not appropriate.  However, I expect Ms. Simmons to appear telephonically for the status conference on January 19, 2021, and I expect her to comply with her discovery obligations going forward, including appearing for her deposition. Her failure to do so will result in sanctions, which may include dismissal of her complaint.

## IV.    CONCLUSION

I recommend that Defendants' Motion to Dismiss for Failure to Comply with a Court Order [ECF No. 43] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

-6-

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

Dated: January 7, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 7, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager