UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

vs.

CITY OF DETROIT, et al.,

    Defendants.

_____/

Case No. 18-13813

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 54)**

This matter is before the Court on Defendants the City of Detroit, the City of Detroit Police Department, and unidentified City of Detroit police officers' motion to dismiss the action pursuant to Federal Rule of Civil Procedure 37(b) (Dkt. 54).[1] Plaintiff Latausha Simmons has not filed a response opposing the motion. For the reasons that follow, the Court grants Defendants' motion.

**I.   BACKGROUND**

On December 10, 2018, Simmons, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. From the outset of discovery, Defendants reported an inability to schedule Simmons's deposition, as she was unreachable at either of her reported telephone numbers. See Mot. for Show Cause Order (Dkt. 32). The magistrate judge scheduled a hearing at which Simmons was ordered to show cause why the case should not be dismissed or why other sanctions

---

[1] The motion was filed by the City of Detroit. However, because the Detroit Police Department is merely an agency of the City of Detroit that cannot be sued as a distinct legal entity under 42 U.S.C. § 1983, see Boykin v. Van Buren Twp., 479 F.3d 444, 450 (6th Cir. 2007), and because none of the individual officer defendants has been identified, the Court construes the motion as filed on behalf of all Defendants.

should not be imposed for her failure to comply with the local rule requiring parties to report accurate contact information. 11/12/19 Order (Dkt. 38). Following the hearing, the magistrate judge vacated the show cause order and ordered that official communication with Simmons must be made by postal mail because she did not have access to a phone. 12/3/19 Order (Dkt. 39). The magistrate judge further ordered that Simmons's deposition take place in January 2020. Id.

Although the parties agreed to take Simmons's deposition on January 21, 2020, she failed to appear. 1/7/21 Report & Recommendation ("R&R") at 2-3 (Dkt. 50). Defendants subsequently learned that Simmons was incarcerated on the date of the scheduled deposition. Id. at 3. While Defendants filed a motion seeking to take Simmons's deposition at the jail, she was released before the magistrate judge could rule on that motion. Id. Following Simmons's release, Defendants mailed her a new notice setting a deposition date of February 21, 2020. Id. Again, she did not appear, though tracking information indicates that the attempted delivery of the notice of deposition failed. Id. Defendants subsequently filed a motion to dismiss the action based on Simmons's failure to appear for her deposition (Dkt. 43).

On April 15, 2020, the magistrate judge entered an order staying all proceedings, including discovery, due to the national emergency occasioned by the COVID-19 pandemic. 4/15/20 Order (Dkt. 47). The stay was vacated on January 6, 2021, 1/6/21 Order (Dkt. 48), and the magistrate judge scheduled a status conference for January 19, 2021, 1/6/21 Notice (Dkt. 49). In the order vacating the stay, the magistrate judge expressly stated that Simmons's "failure to appear for the status conference may result in sanctions, including monetary sanctions and/or dismissal of her complaint." 1/6/21 Order (emphasis omitted). The magistrate judge also issued an R&R recommending denying Defendants' motion to dismiss, R&R at 6, which this Court adopted, 1/28/21 (Dkt. 52). The R&R specifically provided as follows:

2

> After considering all of the factors, in light of the facts of this case, I conclude that the draconian sanction of dismissal is not appropriate. However, I expect Ms. Simmons to appear telephonically for the status conference on January 19, 2021, and I expect her to comply with her discovery obligations going forward, including appearing for her deposition. Her failure to do so will result in sanctions, which may include dismissal of her complaint.

R&R at 6.

Simmons appeared at the status conference, and, on January 25, 2021, the magistrate judge entered a new scheduling order requiring Simmons's deposition to be held within 21 days of entry of the order. 1/25/21 Order (Dkt. 51). The order again warned that "[i]f [Simmons] fails to appear for her deposition, she will be subject to sanctions, which may include dismissal of her complaint." Id.

Defendants maintain that the parties spoke several times to schedule Simmons's deposition. Mot. at 2 (Dkt. 54). Although Defendants proposed taking Simmons's deposition via Zoom videoconference—particularly because Simmons stated that she wished to bring her own witness to the deposition—Simmons lacked access to equipment enabling her to participate via videoconference. Id. Accordingly, the parties agreed to take her deposition by telephone on February 12, 2021. Id. Before her deposition took place, however, Simmons contacted defense counsel several times regarding her objection to using Zoom technology for the telephonic deposition. Id. at 3. Because of her concerns regarding the security of Zoom, Simmons ultimately notified defense counsel that she would not be appearing for her scheduled deposition. Id.[2]

---

[2] Defendants assert in their motion that Simmons contacted defense counsel on February 20, 2021, to report that she would not attend her deposition. Mot. at 3. That date appears to be a typographical error, as the motion indicates that Simmons contacted defense counsel in advance of the February 12, 2021 deposition.

3

Based on Simmons's failure to comply with the magistrate judge's orders requiring her compliance with discovery obligations and her appearance for her deposition, Defendants seek dismissal of the action pursuant to Federal Rule of Civil Procedure 37(b).

## II. ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes the imposition of sanctions for a party's failure to obey a scheduling or other pretrial order. Mager v. Wis. Cent. Ltd., 924 F.3d 831, 837 (6th Cir. 2019). "Under Rule 37(b)(2)(A), a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." Id. (internal quotation marks and citation omitted). However, "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) (internal quotation marks and citations omitted). Courts must consider four factors in determining whether dismissal is an appropriate sanction for a party's failure to comply with discovery obligations or a court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Mager, 924 F.3d at 837 (internal quotation marks and citations omitted). The Court considers each of these factors in turn.

### A. Willfulness, Bad Faith, or Fault

The first factor, willfulness, bad faith, or fault, "requires a clear record of delay or contumacious conduct." Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (internal quotation marks and citations omitted). Contumacious conduct involves behavior that is

4

"stubbornly disobedient" and that displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings." Id. at 704-705.

On numerous occasions, Simmons has exhibited a blatant disregard for the impact her noncompliance has had on the proceedings. First, she failed to provide the Court and defense counsel with accurate contact information until she was ordered to show cause why sanctions should not be imposed. Second, she has repeatedly failed to appear for her deposition. Though her previous failure to appear may be justified by her incarceration, she nevertheless failed to contact defense counsel to reschedule her deposition upon her release. Her most recent failure to appear for her deposition has no justification whatsoever. Simmons has not filed a response explaining her failure to appear, nor can the Court conceive of any legitimate excuse. Defendants indicate in their motion that Simmons refused to appear for her deposition because of her mistrust of the Zoom technology being used to record it. Mot. at 2-3. Simmons, however, has failed to establish any valid basis for this concern.

The fact that Simmons is proceeding pro se does not relieve her of her discovery obligations, as "federal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" Rabbitt v. Cornerstone Univ., No. 11-1805, 2013 WL 12441131, at *3 (6th Cir. Dec. 19, 2013) (quoting McNeil v. United States, 508 U.S. 106, 113 (1993)). Particularly where the magistrate judge afforded Simmons multiple opportunities to rectify her errors in consideration of her status as a pro se litigant, her failure to avail herself of this leniency renders her noncompliance even more unjustified. This factor, therefore, weighs in favor of dismissal.

**B. Prejudice**

With respect to the second factor, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" Carpenter, 723 F.3d at 707.

Defendants have been prejudiced because they have expended considerable time and effort in attempting to locate Simmons and secure her appearance at her deposition. Specifically, Defendants been forced to file motions to obtain Simmons's contact information, to take her deposition while she was incarcerated, and to impose sanctions when she failed to appear. It is likely that they have made further efforts not reflected on the Court's docket, such as sending notices of deposition and arranging for a court reporter. Despite their efforts, Defendants have been stymied from obtaining Simmons's deposition, a critical piece of discovery in this civil rights action involving the alleged use of excessive force and sexual assault by unnamed police officers. Without this discovery, Defendants' ability to mount a defense and to meet the discovery deadlines set forth in the most recent scheduling order has been significantly compromised. In light of these considerations, this factor weighs in favor of dismissal.

**C. Adequate Warning**

The third factor requires courts to consider whether the party being sanctioned was warned that that failure to cooperate could result in dismissal. The Sixth Circuit has held that "routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal." Freeland v. Amigo, 103 F.3d 1279 (6th Cir. 1997).

Simmons received no fewer than three explicit warnings that failure to cooperate would result in dismissal of the action. First, in his order vacating the stay entered on January 6, 2021, the magistrate judge warned Simmons that failure to appear at the status conference could result in sanctions, including dismissal. 1/6/21 Order. Second, in the R&R entered on January 7, 2021, the magistrate judge warned Simmons that failure to comply with her discovery obligations, including appearing for her deposition, would result in sanctions such as dismissal. R&R at 6. Third, in his January 25, 2021 scheduling order, the magistrate judge warned Simmons that failure to appear for her deposition within 21 days would result in sanctions, including dismissal of the action. 1/25/21 Order. These were not standard orders containing boilerplate language but rather targeted warnings addressing Simmons's history of noncompliance and expressly stating that the case would be subject to dismissal if she failed to cooperate. Cf. Carpenter, 723 F.3d at 708 (holding that orders containing boilerplate language that did not explicitly identify dismissal as a possible sanction "is not the type of notice sufficient to apprise a party of the possibility of dismissal"). Accordingly, this factor weighs in favor of dismissal.

### D. Alternative Sanctions

The fourth factor requires courts to consider whether less drastic sanctions than dismissal would be appropriate. Caselaw establishes that dismissal is an appropriate sanction only if the party's actions "amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." Id. at 709 (internal quotation marks and citations omitted) (emphasis in original).

Less drastic sanctions would not suffice here. Simmons has been afforded multiple opportunities to cooperate in discovery and to appear for her deposition. The magistrate judge took a measured approach in declining to dismiss the action or to impose other sanctions based on

Simmons's failure to appear for her deposition in early 2020. Despite this lenience and repeated admonishments that failure to comply with discovery obligations would result in dismissal of the action, Simmons willfully refused to appear for her deposition in February 2021. Given Simmons's repeated failure to cooperate in discovery and her flagrant disregard of the magistrate judge's orders, the Court is unpersuaded that a lesser sanction would compel her compliance. Her lack of a telephone and the fact that she is proceeding in forma pauperis suggests that she likely lacks the funds to pay a monetary fine. Staying the proceedings pending her compliance would only further delay the already protracted litigation. And prohibiting Simmons from supporting her claim by introducing her own testimony would cripple her claims, thereby effectively resulting in dismissal.

Under such circumstances, a court is not prevented from dismissing an action as the first and only sanction. See Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) ("We have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect."); see also United States v. Eleven Million Seventy-One Thousand One Hundred and Eighty-Eight Dollars and Sixty-Four Cents in U.S. Currency, 825 F.3d 365, 369 (11th Cir. 2016) (finding that dismissal of a claim to property was an appropriate sanction, where defendants willfully and in bad faith refused to appear for their depositions in violation of three court orders requiring their appearances); Laues-Gholston v. Mercedes-Benz Fin. Servs., No. 14–10844, 2014 WL 9866450, at *8 (E.D. Mich. Nov. 28, 2014) (finding that a less drastic sanction than dismissal would not address the plaintiff's conduct, where the court previously declined to impose sanctions and took time to ensure the plaintiff's understanding of his discovery obligations). Therefore, the final factor favors dismissing the action.

### III. CONCLUSION

Finding that all four factors weigh in favor of dismissing the action, the Court grants Defendants' motion to dismiss (Dkt. 54).

SO ORDERED.

Dated: March 31, 2021           s/Mark A. Goldsmith
     Detroit, Michigan          MARK A. GOLDSMITH
         United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2021.

         s/Erica Karhoff on behalf of
         Karri Sandusky, Case Manager